# APPENDIX.

## NOTES OF CASES NOT OTHERWISE REPORTED.

THOMPSON & SOLEMAN v. THE CHICAGO AND NORTH-WESTERN RAILWAY COMPANY.

*Appeal from Tama County District Court — Saturday, June 12.*

COMMON CARRIER : INSTRUCTIONS.

The plaintiffs shipped a barrel of linseed oil by the defendant's railway, from Chicago, Ill., to Iuka, Iowa, and on its arrival at the latter place it was found that one hoop was off the barrel, and the oil had nearly all leaked out. This suit was brought to recover the value of the oil thus lost to plaintiffs. There was a jury trial, with verdict and judgment for the plaintiffs for sixty dollars, the value of the oil. The defendant appeals.

*Hubbard & Belt* for the appellant — *Stivers & Safely* for the appellees.

COLE, J. — The evidence tended to show that the barrel of oil was in good order when received by the defendant, though the barrel was quite old, and the hoops badly rusted ; that the usual and proper way of stowing barrels of oil in freight cars was to lay them on the bilge with the bung up ; that this barrel was set on end ; that one of the iron hoops was off the barrel and laying on the car floor when it arrived at Iuka ; that the oil was shipped at the owner's risk of leakage ; that the car was full of barrels of oil, stowed on the bilge with the bung up, and none of the others had leaked much ; that the value of this barrel of oil was sixty dollars.

The court then instructed the jury in substance : 1st. That, if they found the oil was shipped at owner's risk of leakage, they could not find for plaintiffs, unless they found that defendant negligently loaded it, and that the barrel leaked for that reason ; and, 2d. That, if there was no such contract, they should find for plaintiffs, unless they found that the barrel, when received by defendant, was old and defective, so

that the oil leaked out by reason thereof, and not by reason of defendant's negligence. The instructions asked by defendant and refused were substantially embodied in those given by the court.

The counsel for defendant, in their printed argument, admit that, "in ordinary litigation between parties, where juries are impartial, there is nothing perhaps to complain of in the instructions given in this case." We do not see any ground for complaint, as to the instructions, by defendant, even on its hypothesis in this case.

The counsel argue, also, the question of fact, and claim that the verdict was contrary to the evidence. The pivotal fact of the case, as it was presented to the jury, was as to the negligence of defendant in the manner of loading or stowing the barrel of oil. The evidence tended to show that the manner in which this barrel was stowed in the car was not the best or safest manner of doing it, and it did establish the fact that it was not the usual manner. And, taking the whole evidence together, we cannot say that the verdict was wrong.

The fact that the barrel was old and defective would not excuse the defendant from the legal measure of diligence in the loading and transporting of it; and unless the leakage was the result of the condition of the barrel, or other cause than the defendant's negligence, the defendant is both justly and legally liable. What we hold is, that the instructions were not erroneous, to the defendant's prejudice; and that the verdict was not contrary to the evidence.

Affirmed.